**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **CAROL ANDREW,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 5:21-cv-1240** |
| | § | |
| **AMERICAN ADVISORS GROUP,** | § | |
| | § | |
| **Defendant,** | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1446(a), Defendant American Advisors Group ("Defendant" or "AAG") files this notice of the removal of this action from the 37th Judicial District Court, Bexar County, Texas. Defendant submits this Notice in support of removal. Removal is based on the ground that diversity jurisdiction exists over this action because there is complete diversity and the amount in controversy exceeds $75,000.00, pursuant to 28 U.S.C. Section 1332. Defendant respectfully shows as follows:

### INTRODUCTION

1.      On or about December 3, 2021, Plaintiff Carol Andrew ("Plaintiff" or "Andrew") filed her Original Petition bearing Cause No. 2021CI24797 in the 37th Judicial District Court, Bexar County, Texas, styled *Carol Andrew. v. American Advisors Group* (the "State Court Action"). A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as Exhibit A. In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action are attached hereto within the contents of Exhibit B.

3.      The allegations in the Petition relate to a deed of trust and foreclosure proceedings on Plaintiff's real property and improvements located at 106 Covina Avenue, San Antonio, Texas 78218, and more particularly described as:

> LOT 2, BLOCK 6, NEW CITY BLOCK 12528, EAST TERRELL HILLS, UNIT 2, SECTION 3, IN SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 4181, PAGE 130, BEXAR COUNTY, PLAT RECORDS.

(the "Property"). (*See Petition* ¶7.)  In the Petition, Plaintiff alleges causes of actions against Defendant for failing to provide proper notice in violation of Texas Property Code §51.002, common law fraud and negligent undertaking. (*See Petition* ¶¶20-27). Plaintiff also seeks injunctive relief prohibiting foreclosure of the Property, and damages in the form of monetary relief not to exceed $250,000.00. (*See Petition* ¶4).

4.      This Notice of Removal is timely because thirty (30) days have not expired since the State Court Action was filed, making removal proper in accordance with 28 U.S.C. Section 1446(b).

5.      This action is removable to federal court pursuant to 28 U.S.C. Section 1441 because it could have been filed originally in this Court pursuant diversity jurisdiction conferred by 28 U.S.C. Section 1332.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

6.      There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Plaintiff and Defendant, and more than $75,000.00 is in controversy, exclusive of interest and costs.  *See* 28 U.S.C. § 1332.

**A.      There is diversity between the parties.**

7.      Plaintiff is an individual and citizen of the state of Texas. (*See Petition* ¶2.)

8.      Defendant is a California corporation with its principal place of business in California, making it a citizen of California.  28 U.S.C. § 1332(c)(1).

**B.      The amount in controversy exceeds $75,000.00.**

9.      The amount in controversy exceeds the sum or value of $75,000.00. In the Fifth Circuit, when injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc*. 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also  Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

10.      "Reasonable bases for valuing properties include 'purchase price, market value, or outstanding principal and interest.' This court considers market value to be the preferred method." *McPherson v. Bank of Am., N.A.*, No. H-16-3498, 2016 U.S. Dist. LEXIS 180115, at *6 (S.D. Tex. Dec. 30, 2016) (citations omitted). A defendant who attaches to a notice of removal the local appraisal district's summary showing the market value of the property exceeds $75,000.00 meets the burden of establishing that diversity jurisdiction exits. *See id.* at *6; *see also Govea v. JPMorgan Chase Bank, N.A.*, No. H-10-3482, 2010 U.S. Dist. LEXIS 130940, at

*11 (S.D. Tex. Dec. 10, 2010); *Funke v. Deutsche Bank Nat'l Tr. Co.*, Civil Action No. 5:14-CV-307, 2014 U.S. Dist. LEXIS 104438, at *5–6 (W.D. Tex. July 31, 2014); *Johnson v. Wells Fargo Bank, N.A.*, No. 4:12CV768, 2013 U.S. Dist. LEXIS 41583, at *7 (E.D. Tex. Feb. 22, 2013). Here, Plaintiff requests, *inter alia*, injunctive relief prohibiting Defendant from selling the Property. (*See Petition* at Prater.) The Bexar County Appraisal District shows a total assessed value of the Property at $ 147,650.00. (*See* Exhibits C, C-1.)

## VENUE

10.     Venue for removal is proper in this district and division, the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. Section 1441(a) because this district and division embraces the 37th Judicial District Court of Bexar County, Texas, the forum in which the removed action was pending.

## NOTICE

9.     Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for the 37th Judicial District Court, Bexar County, Texas.

10.     The contents of Exhibit B constitute the entire file of the State Court Action.

## CONCLUSION

For the reasons described above, Defendant respectfully requests this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By:  __/s/ Mark D. Cronenwett__
     **MARK D. CRONENWETT**
     Attorney in Charge
     Texas Bar No. 00787303
     mcronenwett@mwzmlaw.com

     **NICHOLAS M. FRAME**
     Of Counsel
     Texas Bar No. 24093448
     nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

For Plaintiff:

D. Kimberli Wallace
Texas Bar No. 00792901
D. Kimberli Wallace, P.L.L.C.
1560 E. Southlake Blvd.
Southlake, Texas 76092
(817) 745-4581
(817) 953-7000 – Fax
kwallace@kwlawfirm.net

For Defendant:

Mark D. Cronenwett
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com
Nicholas M. Frame
Texas Bar No. 24093448
nframe@mwzmlaw.com
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
(214) 635-2650 Telephone
(214) 635-2686 Facsimile

## <u>INDEX OF DOCUMENTS ATTACHED</u>

Exhibit A     Docket Sheet for Cause No. 2021CI24797 in the 37th Judicial District Court of Bexar County, Texas;

Exhibit B     Pleadings in Cause No. 2021CI24797 in the 37th Judicial District Court of Bexar County, Texas;

          B-1    Plaintiff's Original Petition and Application for Temporary Restraining Order;

          B-2    Temporary Restraining Order; and

          B-3    Cash Bond

Exhibit C     Declaration of Nicholas M. Frame

          C-1    Data Sheet from the Bexar County, Texas Central Appraisal District website on December 15, 2021.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via regular U.S. mail on December 15, 2021, on the following counsel of record:

D. Kimberli Wallace
D. Kimberli Wallac, P.L.L.C.
1560 E. Southlake Blvd.
Southlake, Texas 76092
(817) 745-4581
(817) 953-7000 – Fax
kwallace@kwlawfirm.net

*/s/ Nicholas M. Frame*
**NICHOLAS M. FRAME**